UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 05-cv-503-L(WMC) |
| Plaintiff, ) | **CIVIL CONTEMPT ORDER** |
| v. ) | |
| ARTHUR L. GEORGE, ) | |
| Defendant. ) | |

"A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as–(1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice; (2) Misbehavior of any of its officers in their official transactions; (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401. This statute also encompasses civil contempt. *See Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1409 n.4 (9th Cir. 1990).

Civil contempt consists of "a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006) (internal quotation marks omitted). "The contempt need not be willful; however, a person should not be held in contempt if his action appears to be based on a good faith and reasonable interpretation of the court's order." *Id.*

(internal quotation marks and citations omitted).  A court may impose civil contempt sanction only if there is clear and convincing evidence that (1) the opposing party had violated a court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of that order. *Labor/Cmty. Strategy Ctr. v. L.A. Cnty. Metro. Trans. Auth.*, 564 F.3d 1115, 1123 (9th Cir. 2009).

Here, Defendant Arthur George has twice failed to appear before the court after being ordered to do so.  (Docs. 37, 43.) On September 5, 2012, Defendant failed to appear as ordered before United States Magistrate Judge Barbara Lynn Major for a Judgment Debtor Examination, and on November 19, 2012, Defendant failed to appear before this Court as ordered for a hearing to show cause related to his failure to appear for the Judgment Debtor Examination.  The United States Marshals Service personally served both court orders. (Docs. 36, 42.) The evidence before the Court shows by clear and convincing evidence that Defendant's violation of the court orders was complete noncompliance and is not based on a good faith or reasonable interpretation of the orders.  *See Labor/Cmty. Strategy Ctr.*, 564 F.3d at 1123.  Therefore, the Court finds Defendant in civil contempt.

Accordingly, the Court **ORDERS** the United States Marshals Service to personally escort Defendant to the United States District Court in order to address his civil contempt on **December 6, 2012** at **11:00 a.m.** in Courtroom 14.  The Court further **ORDERS** Defendant to come prepared for a Judgment Debtor Examination, and bring copies of his latest federal and state tax returns on the aforementioned date.  In light of Defendant's repeated failures to comply with court orders, **any further noncompliance will result in imprisonment**.  A fine may also be imposed.

**IT IS SO ORDERED**.

DATED: December 3, 2012

M. James Lorenz
United States District Court Judge

1  COPY TO:

2  HON. WILLIAM MCCURINE, JR.
   UNITED STATES MAGISTRATE JUDGE
3
   CAROL M. LEE
4  U.S. ATTORNEY'S OFFICE
   SOUTHERN DISTRICT OF CALIFORNIA
5  CRIMINAL DIVISION

6  ARTHUR L. GEORGE
   4267 MT. HERBERT AVENUE
7  SAN DIEGO, CA 92117

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28